IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE WASHINGTON PENSON, III,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:15-CV-00216 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **ERIC HOLDER,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## M E M O R A N D U M

On January 28, 2015, Petitioner George Washington Penson, III, ("Penson") an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) In the petition, Penson challenges his convictions for multiple counts of bank robbery in the U.S. District Court for the Northern District of Ohio and the U.S. District Court for the Western District of Pennsylvania. (*Id.*) For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## I. Background

On January 23, 2004, Penson was found guilty by a jury in the Northern District of Ohio of one count of unarmed bank robbery and two counts of armed bank robbery.

*See United States v. Penson*, 4:03-cr-00193 at Doc. 49 (N.D. Oh. Feb. 23, 2006). After two appeals, Penson was ultimately sentenced to 310 months imprisonment for these counts. *Id.* at Doc. 109. Around the same time as his indictment in the Northern District of Ohio, Penson was also indicted for one count of bank robbery in the Western District of Pennsylvania. *See United States v. Penson*, 2:03-cr-00197 (W.D. Pa. 2004). Penson pleaded guilty to this count and was sentenced to 36 months imprisonment to run concurrently with his sentence from the Northern District of Ohio. *See id.* at Doc. 34. On May 24, 2005, Penson filed a motion to vacate his sentence in the Western District of Pennsylvania, arguing that the court lacked jurisdiction to convict him and that his trial counsel was ineffective. *Id.* at Doc. 35. The court denied this motion. *Id.* at Doc. 39.

On January 28, 2015, Penson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) In the petition, Penson principally challenges the federal government's jurisdiction to convict him of bank robbery. As part of this court's screening procedure for habeas petitions, this court will dismiss the petition for lack of jurisdiction.

## II. Discussion

### A. Standard of Review

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving a copy of the petition on the respondent. Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions through Rule 1(b)) *see also* 28 U.S.C. § 2243. When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.; see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Such summary dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970).

### B. The Savings Clause of 28 U.S.C. § 2255

In general, the sole method available for federal prisoners to collaterally challenge the legality of their convictions or sentences is a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. 28 U.S.C. § 2255(e); *see also, e.g.*,

*Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974)). If a prisoner instead attempts to challenge the legality of his or her conviction or sentence through a petition for writ of habeas corpus, that petition must normally be dismissed. 28 U.S.C. § 2255(e). Although Penson strenuously argues that the federal courts lacked the jurisdiction to convict and sentence him, he also avers that he is challenging the "execution"[1] of his sentence, rather than the sentence itself, making a § 2255 motion "inadequate." (Doc. 1 at 2, 5.) In doing so, Penson appears to be invoking the "savings clause" of § 2255(e). (Doc. 13 at 1.) This clause allows federal prisoners to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in situations where the remedy provided by § 2255 "is inadequate or ineffective to test the legality" of the prisoner's conviction and/or sentence. 28 U.S.C. § 2255(e).

The U.S. Court of Appeals for the Third Circuit has held that this clause applies only in "rare situation[s]," where "the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and

---

[1] While prisoners may use a habeas petition as a vehicle to challenge the "execution" of their sentence, it is clear that Penson is not in fact doing so. While "the precise meaning of 'execution of the sentence' is hazy," it essentially refers to the way that a sentence is "put into effect" or "carried out." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242–43 (3d Cir. 2005). As all of Penson's arguments are focused on the authority of the federal government to convict him in the first place, he is clearly not challenging the execution of his sentence. (*See* Doc. 1).

adjudication of his wrongful detention claim." *Okereke*, 307 F.3d at 120 (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d. Cir. 2002)). It has also emphasized that § 2255 should not be considered "inadequate or ineffective" "merely because that petitioner is unable to meet [its] stringent gatekeeping requirements." *Id.* Essentially, the "savings clause" of § 2255 is only applicable in the rare situation where a prisoner is unable to proceed under § 2255 and yet has had no earlier opportunity to challenge his conviction or else is "being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." *In re Dorsainvil*, 119 F.3d 245, 251–252 (3d Cir. 1996).

This court will now examine the grounds set forth in Penson's petition to determine if they satisfy the requirements of § 2255(e).

### C. Penson's Petition

Penson raises the following inter-related grounds for relief in his petition: 1) the federal government lacked "legislative, territorial, or admiralty jurisdiction in over the locus quo"; 2) the federal government's "charging instruments" were fatally defective; 3) the federal government failed to establish a nexus between the crime charged and interstate commerce; 4) Titles 18 and 21 of the United States Code are

unconstitutional; and 5) Penson has "discharged" his "judgment lean [sic] order." (Doc. 1 at 2-3 of 9.)

In his petition and the accompanying memorandum of law, Penson makes no argument for why a § 2255 motion is an "inadequate or ineffective" method for bringing these claims. (*See* Docs. 1, 1-2 of 9.) If Penson's arguments regarding the lack of federal jurisdiction were true, then the basis of his claims were well-established at the time of his conviction and could have been raised in his earlier § 2255 motion. The fact that Penson may now be procedurally barred from bringing these claims under § 2255 does not render it "inadequate or ineffective." *See In re Dorsainvil,* 119 F.3d at 251. Thus, Penson's claims fail to establish a ground for this court to exercise jurisdiction under 28 U.S.C. § 2241.

## III. <u>Conclusion</u>

As none of Penson's claims fit into the narrow exception of § 2255's savings clause, this court lacks jurisdiction to review his petition for writ of habeas corpus. Because it appears that Penson's claims would now be time-barred, *see* 28 U.S.C. § 2255(f), this court will refrain from transferring the case to the sentencing court to be

heard as a motion to vacate, set aside or correct sentence under § 2255, and will instead dismiss the petition for lack of jurisdiction.

An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: April 24, 2015.